IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07CR20465

UNITED STATES OF AMERICA

*Plaintiff*

V

CARDINAL MARSHALL

*Defendant*

## OBJECTIONS TO PSI

COMES NOW the defendant, through undersigned counsel, and respectfully states and prays:

1. The defendant is scheduled to be sentenced on October 5, 2007 before the Honorable Joan Lenard.
2. A Presentence Investigation Report (PSI) has been prepared in the case, and the undersigned has reviewed the same with his client, the defendant herein, Cardinal Marshall.
3. The Probation Office has assessed a Total Offense Severity Level of 15 after deducting 3 points for Acceptance of Responsibility pursuant to USSG 3E1.1.
4. The aforementioned Total Offense Severity Level is as a consequence of assessing a Base Offense Level of 16 and then adding 2 points to that level under USSG 2S1.3(b)(1)(B) as a consequence of the fact the offense of conviction comprised bulk cash smuggling ( and then reducing by 3 for Acceptance)
5. Most respectfully, it is maintained such a 2 point enhancement is inappropriate notwithstanding the Guidelines' specific recommendation that it should apply.

6. The defendant entered his plea of guilty in this case to the charge of having violated 31 U.S.C. 5332(a). The act is entitled "Bulk cash smuggling into or out of the United States" and the corresponding Sentencing Guideline Provision likewise carries within its title the same description of prohibited activity, i.e. "Bulk Cash Smuggling", USSG 2S1.3.

7. One who violates the aforementioned statute is assessed a base level of 6 plus the number of offense levels from the table of USSG 2B1.1 corresponding to, in this particular case, the amount of cash carried by the defendant on the date of his arrest.

8. The defendant was arrested on June 2, 2007 at the Miami International Airport when it was discovered the amount of $175,091 was secreted inside a microwave the defendant had checked to be transported to the Bahamas, PSI par. 8-10. As this amount of money is between $120-200,000, the base level of 6 was increased by 10 points pursuant to USSG 2B1.1.

9. The aspect of "bulk" set forth within the enhancement provision of 2S1.3 would appear already to have been factored into the provisions of 2B1.1 setting forth the increase of the base level by the corresponding value of funds transported. The Guideline Commentary does not attribute anything further to the definition of "bulk cash smuggling" beyond a description of the amount of money sought to be transported by a defendant.

10. Assessing a two point enhancement against the defendant in these circumstances would appear to be double counting in violation of the double jeopardy clause of the United States Constitution and in contravention of the plain language of 31 U.S.C. Section 5332(a) which appears fully to define the crime for which the defendant will be sentenced on October 5, 2007.

11. The PSI makes no adjustment for Role in the Offense, par. 18. In this connection, the defendant recently was interviewed by AUSA Bill O'Malley from the District of Columbia and several federal agents. The defendant gave a truthful and complete account of his activities in this case. The defendant explained that he was asked in the Bahamas to carry an amount of money from Florida to the Islands. He was to have been paid $3,000 for his services as a courier. When Mr.

Marshall, the defendant herein, arrived in Miami he was contacted by a person who drove him to a Brands Mart Store to purchase a microwave oven. In the car driven by this individual was another person, now under indictment in the District of Columbia. These two individuals then packaged the microwave oven with the money seized subsequently at the Miami International Airport. The defendant did not participate in the packaging of the money and the two individuals lied to the defendant as to the amount of money packaged in order to limit the amount of the courier fee to be paid.

12. *United States v Rodriguez De Varona 173 F.3rd 930 (11 Cir 1999)* remains the leading case on the issue of minor role, USSG 3B1.2. A defendant's role is judged against the conduct for which he/she is held accountable, in this case the entire $175,091. His/her conduct is measured against that of other identifiable participants in the case. Factors that may be utilized to make the assessment within the context of a courier include the amount of money to be paid the courier, his/her role in the planning of the event and distribution of proceeds, *De Varona at page 945*.

13. With these factors in mind, the defendant's role in the instant offense is clearly minor if not minimal. He was asked to transport monies for a small fee, which in the final analysis he was not paid. At least three individuals have been identified whose role in the offense was greater than that of the defendant. The defendant had no role in the planning of the venture and did not participate in the packaging of the monies seized on the date of his arrest, *Cf. United States v Veloza 83 F.3rd 380 (11 Cir 1996)*. Furthermore, the defendant has cooperated with the authorities in the investigation of the conduct underlying the transportation of these monies, conduct of which he had no knowledge.

WHEREFORE IT IS RESPECTFULLY PRAYED THE COURT TAKE NOTE OF THE OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT AS STATED ABOVE AND ADJUST THE DEFENDANT'S SENTENCE ACCORDINGLY.

I CERTIFY I HAVE MAILED COPY OF THIS PLEADING TO AUSA PETER FORAND 99 N.E. 4TH STREET MIAMI FLORIDA 33132 THIS 21ST DAY OF SEPTEMBER 2007

/Scott Kalisch

SCOTT KALISCH

1 NE 2ND AVENUE, SUITE 200

MIAMI, FLORIDA 33132

TEL 305 669 0808

FLORIDA BAR # 367877